IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **OZETTA HARDY** and **SHIRLEY WALLACE**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**WHITEHALL GAMING CENTER, LLC;** et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO.  2:10-cv-573-MHT<br>)<br>)<br>)<br>)<br>)<br>) |

## SIXTH AMENDED CLASS ACTION COMPLAINT

COME NOW the Plaintiffs, by and through undersigned counsel, and hereby amend their Complaint in the above-styled action pursuant to Fed. R. Civ. Proc. 15(a)(2), so that the body and style of the same shall read as follows:

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **OZETTA HARDY** and **SHIRLEY WALLACE**, )<br>on behalf of themselves and all others similarly )<br>situated, )<br> )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>**CORNERSTONE COMMUNITY OUTREACH,** )<br>**INC.; FREEDOM TRAIL VENTURES, LTD.;** )<br>**BALLY GAMING, INC.; MULTIMEDIA** )<br>**GAMES, INC.; ECLIPSE GAMING SYSTEMS,** )<br>**LLC; VIDEO GAMING TECHNOLOGIES, INC;** )<br>**and AGS, LLC.;** )<br> )<br>    Defendants. ) | CASE NO.  2:10-cv-573-MHT<br><br>*JURY TRIAL REQUESTED* |

**CLASS ACTION COMPLAINT**
**PARTIES, JURISDICTION AND VENUE**

1.      This is a class action brought by Ozetta Hardy and Shirley Wallace on behalf of themselves and all similarly situated natural persons residing in the United States who played electronic-bingo machines and suffered gambling losses at the White Hall Entertainment Center, located in Lowndes County, Alabama, within six months preceding the commencement of this action.

2.      Ozetta Hardy and Shirley Wallace are over the age of nineteen years and are resident citizens of Lowndes County, Alabama.

3.      Defendant Cornerstone Community Outreach, Inc. (hereinafter sometimes referred to as "Cornerstone"), is believed to be a corporation organized under the laws of the State of Alabama with its principal place of business located in Lowndes County,

Alabama.

4.      Defendant Freedom Trail Ventures, LTD (hereinafter sometimes referred to as "Freedom"), is believed to be a corporation organized under the laws of the State of Texas, with its principal place of business located in the State of Texas, but doing business by agent in the State of Alabama.

5.      Defendant Bally Gaming, Inc. (hereinafter sometimes referred to as "Bally"), is believed to be a corporation organized under the laws of the State of Nevada, with its principal place of business located in the State of Nevada but doing business by agent in the State of Alabama.

6.      Defendant Multimedia Games, Inc. (hereinafter sometimes referred to as "Multimedia") is believed to be a corporation organized under the laws of the State of Texas, with its principal place of business located in the State of Texas, but doing business by agent in the State of Alabama.

7.      Defendant Eclipse Gaming Systems, LLC (hereinafter sometimes referred to as "Eclipse") is believed to be a corporation organized under the laws of the State of Georgia, with its principal place of business located in the State of Georgia but doing business by agent in the State of Alabama.

8.      Defendant Video Gaming Technologies, Inc. (hereinafter sometimes referred to as "VGT") is believed to be a corporation organized under the laws of the State of Tennessee, with its principal place of business located in the State of Tennessee, but doing business by agent in the State of Alabama.

9.      Defendant AGS, LLC (hereinafter sometimes referred to as "AGS") is believed to

be a corporation organized under the laws of the State of Nevada, with its principal place of business located in the State of Nevada, but doing business by agent in the State of Alabama.

10.     The Defendants named in paragraphs 4 through 9 are sometimes referred to herein collectively as "the Vendor Defendants."

11.     This Court has subject-matter jurisdiction over this action pursuant to the diversity-of-citizenship provisions of 28 U.S.C. § 1332(d)(2)(A) applicable to class actions, in the Plaintiffs are citizens of a different state from various Defendants and the aggregate amount in controversy exceeds $5,000,000.00, excessive of interest and costs.

12.     Venue is proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and Defendants reside in this district.

**FACTUAL BACKGROUND**

13.     Defendant Cornerstone obtained a license from the Town of White Hall in Lowndes County to operate a bingo-gaming facility, known as the White Hall Entertainment Center ("the EC"). The EC is located in the Town of White Hall. While it was in operation, the EC contained hundreds of electronic gambling machines offering "electronic bingo," which were played by hundreds of customers every day. Cornerstone obtained its license pursuant to Amendment No. 674, Ala. Const. 1901 (Local Amendments, Lowndes County), which authorizes charity bingo in the Town of White Hall subject to certain restrictions.

14.     Defendant Cornerstone operated the EC and both Cornerstone and the Vendor Defendants operated the electronic-bingo machines.  By playing the electronic-bingo machines, customers of the EC placed wagers with Cornerstone and the Vendor Defendants.  Cornerstone collected the money lost playing the electronic-bingo machines by customers of the EC, including Plaintiffs and the Plaintiff Class.

15.     Defendants Freedom, Bally, Multimedia, Eclipse, VGT and AGS are the owners of the electronic-bingo machines played by customers of the EC during the six months preceding the commencement of this action.  These Defendants leased these electronic-bingo machines to Cornerstone.  These Defendants also provided Cornerstone with the servers and computer software and/or computer operating systems for these electronic-bingo machines, which programmed them to play games of chance that constitute illegal gambling as hereinafter described.  Therefore, these Defendants participated in wagers with the customers of the EC, including Plaintiffs and the Plaintiff Class.

16.     The usual and customary arrangement in the gaming-machine industry between casinos such as Cornerstone, and the owners of electronic-gaming machines such as Freedom, Bally, Multimedia, Eclipse, VGT and AGS, is for the machine owner to lease the machines to the casino and provide the necessary servers, computer software and/or operating systems, and as consideration for the lease, receive a specified percentage of the winnings from each machine.  On information and belief, Plaintiffs allege that this was the arrangement between Cornerstone and these Defendants during the six months preceding the commencement of this action.

17.     The amount of money lost playing the electronic-bingo machines at the EC by Plaintiffs and the Plaintiff Class during the six months preceding the commencement of this action can be ascertained from Cornerstone's books and records.  The amount of money received by Freedom, Bally, Multimedia, Eclipse, VGT and AGS as payment for their leases during the six months preceding the commencement of this action, representing monies lost by the Plaintiff Class during that time period, can be ascertained from the Defendants' books and records.

18.     Article IV, Section 65 of the Constitution of Alabama of 1901 provides that lotteries are illegal in Alabama.  The Alabama Supreme Court has held that bingo is a form of lottery, and is therefore illegal in Alabama except where expressly authorized by a local constitutional amendment.  The Alabama Supreme Court further held in *Barber v. Cornerstone Community Outreach, Inc.*, ___ So.3d ___, 2009 WL 3805712 (Ala. 2009), that Amendment No. 674, authorizing charity bingo in the Town of White Hall, only authorizes "the game commonly or traditionally known as bingo."  *Id.* at * 17.  The Alabama Supreme Court also specified six essential characteristics of "the game commonly or traditionally known as bingo."  *Id.* at * 17-18.

19.     The electronic-bingo machines described herein do not play "the game commonly or traditionally known as bingo," because the game played involves no numbered cards; requires no player interaction at all, other than the player initially inserting cash or a "player's card" with cash credits into the machine and then pressing a button or pulling a handle to find the outcome; the losing player is not told who, if anyone, won the "bingo game"; and, the game does not involve a group activity in which

multiple players compete against each other.  Thus, the game played lacks several essential characteristics of "the game commonly or traditionally known as bingo," as defined by the Alabama Supreme Court in *Barber*.  Stated differently, the electronic-bingo machines do not play the game commonly or traditionally known as "bingo" as authorized by certain Local Amendments to the Alabama Constitution.  Therefore, the electronic-bingo machines are illegal gambling devices under Ala. Code 1975 § 13A-12-20(5) and § 13A-12-27.

20.     The electronic-bingo machines are illegal slot machines as defined in Ala. Code 1975 § 13A-12-20(10).

21.     Plaintiff Ozetta Hardy frequently played the electronic-bingo machines at the EC during the six months preceding the commencement of this action.

22.     During this time period, Plaintiff Hardy lost money on far more occasions than she won money and, in fact, lost monies in excess of any winnings.

23.     Plaintiff Shirley Wallace frequently played the electronic-bingo machines at the EC during the six months preceding the commencement of this action.

24.     During this time period, Plaintiff Wallace lost money on far more occasions than she won money and, in fact, lost monies in excess of any winnings.

25.     Pursuant to Ala. Code 1975 § 8-1-150(a), the Defendants received money belonging to Plaintiffs and the Plaintiff Class which they have no right to retain.

## CLASS ACTION ALLEGATIONS

26.     Plaintiffs bring this class action on their own behalf and on behalf of the following Class designated pursuant to Ala. R. Civ. Proc. 23(a) and 23(b)(3):

> **All natural persons residing in the United States who played electronic-bingo machines at the White Hall Entertainment Center and who lost money playing said electronic-bingo machines within six months preceding the commencement of this action.**
>
> **Excluded from the Class are the officers, directors, and employees of the Defendants; and the members of the immediate families of any such person. Also excluded from the Class are all judicial officers of the United States who preside over or hear this case, and all persons related to them as specified in 28 U.S.C. § 455(b)(5).**

27. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown at this time, preliminary discovery furnished by Defendant Cornerstone indicates that the Class consists of thousands of members.

28. There are questions of law and/or fact common to the Class members that predominate over any questions affecting only individual Class members. Such common questions include, but are not limited to, the following:

    a. Whether the electronic-bingo machines located at the EC during the Class Period are illegal gambling devices in Alabama;

    b. Whether the electronic-bingo machines located at the EC during the Class Period satisfy the legal definition of the game commonly or traditionally known as bingo;

    c. Whether the electronic-bingo machines located at the EC during the Class Period are authorized by Amendment No. 674, Ala. Const. 1901;

      d.      Whether the Defendants received money belonging to Plaintiffs and the Class members which they have no right to retain;

      e.      Whether Defendant Cornerstone operated the EC and its electronic-bingo machines during the Class Period;

      f.      Whether Defendants Freedom, Bally, Multimedia, Eclipse, VGT and AGS owned, leased, and/or programmed the electronic-bingo machines located at the EC during the Class Period;

      g.      Whether Plaintiffs and the Class members are entitled to recover from the Defendants pursuant to Ala. Code 1975 § 8-1-150(a).

29. Plaintiffs are committed to vigorously prosecuting this action and have retained experienced and competent counsel. Plaintiffs' counsel are highly experienced in litigating consumer class actions. Neither Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this action.

30. A well-defined community of interest and common questions of law and fact affect the parties to be represented in this class action. Plaintiffs' interests are coextensive with those of the Class, and Plaintiffs have no interests adverse to those of the absent Class members.

31. The claims of the named Plaintiffs are typical of the claims of the Class, and Plaintiffs have the same interests as the other members of the Class.

32. Plaintiffs are adequate representatives of the Class and will fairly and adequately protect the interests of the Class.

33. A class action is superior to other available methods for the fair and efficient

adjudication of this controversy. Disposition of the Class members' claims in this class action will provide substantial benefits to the parties and the judicial system. No difficulties are likely to be encountered in the management of this action as a class action.

## COUNT ONE

34. Plaintiffs reallege and incorporate by reference all preceding allegations. Plaintiffs bring this claim on their own behalf and on behalf of the proposed Class. The Defendants are guilty of violating Ala. Code 1975 § 13A-12-20(5), § 13A-12-27 and Ala. Code 1975 § 13A-12-20(10).

35. Pursuant to Ala. Code 1975 §8-1-150(a), Plaintiffs and the members of the Class are entitled to recover from the Defendants all monies they lost playing the electronic-bingo machines within six months preceding the commencement of this action.

**WHEREFORE**, Plaintiffs and the members of the Class demand judgment against the Defendants for aggregate compensatory damages in a sum in excess of $5,000,000, plus interest and the costs of this action.

Plaintiffs further request that the Court certify the Class proposed above, appoint Plaintiffs as Class Representatives, and appoint their below-named attorneys as counsel for the Class.

                               **/s/ Michael G. Strickland**
                               **MICHAEL G. STRICKLAND  (STRI3871)**

                               **/s/ Blaine C. Stevens**
                               **BLAINE C. STEVENS  (STEVB0959)**

**OF COUNSEL:**
STRICKLAND & KENDALL, LLC
2740 Zelda Rd, Suite 500 (36106)
Post Office Box 99
Montgomery, AL 36101-0099
PH:   (334) 269-3230
FX:   (334) 269-3239
mgs@jurytrial.us
stevenslaw21@aol.com

**OF COUNSEL:**
Steven A. Martino, Esq.  (MARTS7433)
W. Lloyd Copeland, Esq.  (COPEW3831)
TAYLOR-MARTINO-ZARZAUR, P.C.
Post Office Box 894
Mobile, AL 36601
PH:   (251) 433-3131
FX:   (251) 405-5080
stevemartino@taylormartino.com
lloyd@taylormartino.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December, 2010, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Robert D. Segall, Esq.<br>J. David Martin, Esq.<br>COPELAND, FRANCO, SCREWS<br>  & GILL, P.A.<br>Post Office Box 347<br>Montgomery, AL 36101-0347<br>segall@copelandfranco.com | **Attorneys for Cornerstone**<br>**Community Outreach, Inc.** |
| Collins Pettaway, Jr., Esq.<br>CHESTNUT, SANDERS, SANDERS<br>  & PETTAWAY, LLC<br>Post Office Box 1290<br>Selma, AL 36702-1290<br>collins_pettawayjr@yahoo.com | **Attorneys for Cornerstone**<br>**Community Outreach, Inc.** |

| | |
|---|---|
| Joe Espy, III, Esq.<br>William M. Espy, Esq.<br>J. Flynn Mozingo, Esq.<br>MELTON, ESPY &<br>  WILLIAMS, P.C.<br>Post Office Drawer 5130<br>Montgomery, AL 36103<br>jespy@mewlegal.com<br>wespy@mewlegal.com<br>jmozingo@mewlegal.com | **Attorneys for Freedom Trail Ventures, Ltd.** |
| D. W. Grimsley, Esq.<br>Post Office Box 130836<br>Birmingham, AL 35213<br>dwgrimsleyjr@me.com | **Attorney for Eclipse Gaming,** |
| Kenneth S. Steely, Esq.<br>Kirkland E. Reid, Esq.<br>JONES, WALKER, WAECHTER, POITEVENT,<br>  CARRERE & DENEGRE, L.L.P.<br>Post Office Box 46<br>Mobile, AL 36601<br>ksteely@joneswalker.com | **Attorneys for Video Gaming Technologies, Inc**. |
| David R. Boyd, Esq.<br>J. Eric Getty, Esq.<br>BALCH & BINGHAM, LLP<br>Post Office Box 306<br>Birmingham, AL 35201-8100<br>lcalligas@balch.com<br>dboyd@balch.com<br>egetty@balch.com | **Attorneys for Multimedia Games, Inc**. |
| John M. Bolton, Esq.<br>Charlanna W. Spencer, Esq.<br>Royal C. Dumas, Esq.<br>HILL, HILL, CARTER, FRANCO,<br>  COLE & BLACK, P.C.<br>425 S. Perry Street<br>Montgomery, AL 36104<br>jbolton@hillhillcarter.com<br>cspencer@hillhillcater.com<br>rdumas@hillhillcater.com | **Attorneys for American Gaming Systems, Inc**. |

| | |
|---|---|
| William G. Somerville, Esq.<br>Andrew P. Walsh, Esq.<br>BAKER, DONELSON, BEARMAN,<br>  CALDWELL & BERKOWITZ, PC<br>Wachovia Tower<br>420 North 20th Street, Suite 1600<br>Birmingham, AL 35203-5202<br>wsomerville@bakerdonelson.com<br>awalsh@bakerdonelson.com | **Attorneys for Bally Gaming, Inc.**<br><br><br><br><br>*/s/* Michael G. Strickland<br>**MICHAEL G. STRICKLAND(STRI3871)** |